JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENAISSANCE PICTURES, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AWARD PICTURES, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No. CV 12-3805 DSF (JCGx) <br><br><br><br> JUDGMENT |

The Court having previously issued an Order Granting Plaintiff's Application for default judgment,

IT IS ORDERED AND ADJUDGED that Defendant Award Pictures, LLC, its principals, members, officers, shareholders, partners, and directors, and all persons who, with actual or constructive notice of this Judgment, act in concert or in participation with them, are permanently enjoined from doing any of the following:

(a) Using the EVIL DEAD name or mark or any derivation or colorable imitations thereof, or any name or mark that is confusingly similar thereto, including but not limited to the names *Evil Dead*; *Evil Dead: Genesis of the*

*Necronomicon*; *Evil Dead: Genesis of the Necronomicon, Part 2*; *Evil Dead: Consequences*, (collectively, the "Prohibited Names"), as or as part of the title of a motion picture, television program, video game, play, book or any other form of entertainment provided or to be provided through any media, or in connection with the promotion, development, distribution, or production of any form of entertainment;

(b) using any of the Prohibited Names in connection with the promotion, development, distribution or production of motion pictures, or any entertainment-related goods or services, or to otherwise promote Award Pictures, LLC or any of Award Pictures, LLC's goods or services;

(c) making or employing any other commercial use of any of the Prohibited Names, including by referencing any Prohibited Names on any website or in any markeing or promotional materials, regardless of media;

(d) representing to third parties by acts of omission or commission that Defendant owns rights in the EVIL DEAD name or mark, that Defendant's works are associated with or approved by Plaintiff or were created, prepared or distributed with the consent or permission of Plaintiff, or that Defendant is intending on or is producing any form of entertainment under the Prohibited Names;

(e) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's activities are in any way sponsored, licensed, endorsed, authorized by or affiliated or connected with Plaintiff, or originate

2

from Plaintiff, or to otherwise cause the public or trade to believe that Defendant has rights to use any Prohibited Names on or as the title of any works;

(f) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendant emanate from or originate with Plaintiff or its licensees, or are somehow sponsored, licensed, endorsed, authorized by or affiliated or connected with Plaintiff, or originate from Plaintiff, or to otherwise cause the public or trade to believe that Defendant has rights to use any Prohibited Names on or as the title of any works;

(g) further infringing Plaintiff's EVIL DEAD mark and damaging Plaintiff's goodwill;

(h) applying to register the EVIL DEAD mark, or any confusingly similar mark, with the United States Patent and Trademark Office or any other trademark office or governmental authority;

(i) interfering with Plaintiff's use, registration or attempts to register EVIL DEAD as a mark with the U.S. Patent and Trademark Office or any state trademark authority;

(j) using or registering any of the Prohibited Names as part of any domain name, regardless of cctld or gtld, or as a gtld;

(k) purchasing any of the Prohibited Names in connection with any sponsored advertising on the Internet or using any of the Prohibited Names in any source code, metadata, page tags or page content, or otherwise using the Prohibited Names such that a search on the Internet using such Prohibited Names will cause any domain name or website of Defendant to appear in search results; and

(l) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (k), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (k).

DATED: August 23, 2012

_____
DALE S. FISCHER
United States District Judge